IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL G. ULIBARRI JR.,

      Plaintiff,

vs.                                                                   No. 1:21-cv-00767-KWR-KK

UNITED STATES,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) on the pro se document filed by Manuel G. Ulibarri, Jr. (Doc. 1). The Court will dismiss this case for failure to comply with a Court order, failure to comply with statutes, and failure to prosecute the case.

Plaintiff is a federal detainee incarcerated at the Cibola County Correctional Center and is proceeding pro se. (Doc. 1). Plaintiff submitted his original filing to this Court on August 16, 2021. (Doc. 1). Plaintiff's filing is titled "Writ of Habeas Corpus" (Doc. 1). However, he does not seek release from custody. Instead, he claims that Defendant is using null and void laws to prosecute him because Defendant is part of a racketeering influenced corrupt organization in violation of the "RICO Act" and is committing major fraud and treason. (Doc. 1 at 2-3). He seeks $15 Million for the alleged RICO violation, immediate arrest of the prosecutor and U.S. Attorney's office for treason, arrest of a non-party police officer for perjury, seizure of all assets of those involved in corruption, and dismissal of his criminal case. (Doc. 1 at 2, 3, 4, 8, 10).

Although he does not expressly allege violation of a specific constitutional provision, because he seeks damages and other forms of civil relief, Plaintiff's filing appears to be an attempt to assert prisoner civil rights claims under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named*

1

*Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  A civil rights complaint under 42 U.S.C. § 1983 or *Bivens* is the exclusive vehicle for vindication of substantive rights under the Constitution.  See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994).  The filing is not in proper form to assert civil rights claims.

In addition, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal civil filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee.  Plaintiff did not pay the $402.00 filing fee or submit an application to proceed under § 1915 in proper form when he filed his original document.

On April 26, 2022, the Court determined that Ulibarri's pro se filing was deficient because it is not in proper form and Plaintiff has not paid the $402 filing fee or filed an Application to Proceed in the District Court Without Prepaying Fees and Costs.  (Doc. 2).  The Court notified Ulibarri of the deficiencies in his filing and ordered him to cure those deficiencies within 30 days.  (Doc. 2 at 1-2).  The Court also provided him with the forms and instructions necessary to cure the deficiencies.  (Doc. 2 at 2).  Last, the Court notified Ulibarri that, if he did not cure the deficiencies within 30 days, the Court could dismiss this case without further notice.  (Doc. 2 at 2).  Ulibarri did not cure the deficiencies within 30 days, did not respond to the Court's Order to Cure Deficiencies, and has not communicated with the Court since his original filing on August 16, 2021.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. . . The same is true of simple, nonburdensome local rules . . ..") (citation

omitted)). Plaintiff has failed to comply with the Court's April 26, 2022 Order, failed to comply with federal statutes, and failed to prosecute this action. Therefore, the Court will dismiss this case without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the requirements of 28 U.S.C. § 1915, to comply with the Court's April 26, 2022 Order, and failure to prosecute this action.

**IT IS ORDERED** that the pro se document filed by Manuel G. Ulibarri, Jr. (Doc. 1), which the Court construes as a civil complaint, is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to comply with a Court order, failure to comply with statutes, and failure to prosecute.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**